## SCHUMACHER v. LETERMAN et al.

District Court, S. D. New York.

Feb. 26, 1936.

Charles S. Michel, of Corona, N. Y., for plaintiff.

Milton C. Weisman, of New York City, for defendants.

PATTERSON, District Judge.

The controversy in this case is whether the defendants are obligated to pay interest on an amount owed to the plaintiff.

The plaintiff, as receiver of a failed national bank, brought action against the defendants on commercial paper held by the bank. Judgment for $4,820.33, together with interest, was demanded. The defendants put in an answer denying liability. The action was settled, the terms being that the plaintiff have judgment for the amount sued for and that the defendants be permitted to pay the judgment in installments. A consent judgment was accordingly entered for $4,840.33, with interest and costs, making a total figure of $5,209.83 expressed on the face of the judgment. In the written stipulation between the parties, it was agreed that the defendants would pay $500 down and $50 a week "until the full amount of said judgment as entered is fully paid," and that the plaintiff would not cause the judgment to be docketed or execution to be issued so long as such payments were made.

The defendants made payments as scheduled until the sum of $4,840.33, the principal sum originally demanded, had been paid. They refused to make any more payments, taking the position that they had performed their agreement. The plaintiff demanded payment of interest. Demand proving ineffectual, he brought the present motion for an order declaring the defendants in default and for leave to docket and issue execution.

Liability for interest down to entry of judgment and for costs is too plain for discussion. The judgment as entered included these sums, and the defendants' engagement was to pay the judgment. The defendants do not now dispute their obligation to meet this part of the judgment, although originally their contention was otherwise. The remaining point is whether they are liable also for interest on the judgment.

Interest runs on judgments of the District Court where, by the law of the state where such court is held, interest runs on judgments of the state courts. Revised Statutes, § 966 (28 U.S.C.A. § 811). Since the New York law is that judgments carry interest (Civil Practice Act, § 481), judgments of the District Court of this District bear interest at the rate legal in New York. The defendants urge, however, that their agreement is confined to the stipulation, and they point out that the stipulation is silent on interest. The answer is that by the stipulation the amount to be paid was "the full amount of the judg-ment," and interest was an incident of the judgment by rule of law. If I agree for good consideration to pay A's note, and the note bears interest, I must pay the interest as well as the principal. It would be otherwise if I agreed to pay the face amount of the note or agreed explicitly to pay the note without interest.

The defendants are liable for interest down to entry of judgment and also for interest on the judgment. The plaintiff's motion will accordingly be granted.