William C. WAGGONER, et al., Plaintiffs-Appellants,

v.

R. McGRAY, INC., et al., Defendants-Appellees.

No. 82–6095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decided July 30, 1984.

Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs-appellants.

R. Thomas Allen, Biely & Allen, Santa Maria, Cal., for defendants-appellees.

Before SCHROEDER and CANBY, Circuit Judges, and HOFFMAN,[*] District Judge.

## OPINION

PER CURIAM:

This is an appeal from a district court order modifying a judgment to exclude postjudgment interest. Appellants, trustees of several trusts established by a collective bargaining agreement, brought this action to compel payment of appellees' contributions to the trusts. The parties stipulated to a judgment, which was entered on August 10, 1977, under which appellees admitted liability to the trusts for $25,184.44. No appeal was taken from the judgment.

Appellants attempted to execute their judgment on August 26, 1982, obtaining a writ of execution in an amount that included the original judgment amount, plus interest computed from the date the judgment was entered. On motion of appellees, the district court subsequently ordered the writ modified to exclude postjudgment interest.[1] This appeal followed.

The district court ordered the postjudgment interest stricken apparently in the belief that a stipulated judgment does not bear postjudgment interest unless specifically provided for in the judgment. The statute, however, calls for interest "on *any* money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added). Interest accrues from the date of a judgment whether or not the judgment expressly includes it, because "such interest follows as a legal incident from the statute providing for it." *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir.1943). *See also* Fed.R.App.P. 37. The statute does not differentiate between stipulated judgments and other judgments. *See Schumacher v. Leterman*, 14 F.Supp. 1015, 1016 (S.D.N.Y.1936).

The appellees argue nevertheless that we should uphold the district court's order because the district court properly modified its judgment to exclude postjudgment interest under Fed.R.Civ.P. 60(a). Rule 60(a), however, is limited to correcting errors "arising from oversight or omission" and cannot be used to correct more substantial errors, such as errors of law. *See* 6A J. Moore, *Moore's Federal Practice* ¶ 60.06[4] at 60–49 (2d ed. 1983). An error arises from oversight or omission whenever "the thing spoken, written or recorded is *not what the person intended* to speak, write or record." *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir.1980) (emphasis in original). There is no allegation here that the parties

---

[*] The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

**1.** Although the district court's order actually modified the writ of execution, the parties agreed at oral argument that this order had the same effect as an order modifying the judgment and should be treated as such for purposes of this appeal.

did not intend the judgment to say exactly what it did. Any error regarding the legal effect of the stipulation was one of law and therefore can be corrected only under Rule 60(b). *See* 6A J. Moore, *supra,* ¶ 60.06[4] at 60–52.

 Alternatively, the appellees argue that the district court properly modified the judgment under Rule 60(b)(6), which permits the district court to modify its judgment for "any other reason justifying relief from operation of the judgment." Fed.R. Civ.P. 60(b)(6). That rule, however, is inapplicable to these facts.

It is established that relief may not be granted under Rule 60(b)(6), for any reason justifying relief under Rule 60(b)(1), (2), or (3). *Corex Corp. v. United States,* 638 F.2d 119, 121 (9th Cir.1981). *See also* 7 J. Moore, *supra,* ¶ 60.27[2] at 60–273. Mistake of counsel induced by error of law is covered by Rule 60(b)(1), which provides relief for reason of "mistake, inadvertence, surprise or excusable neglect," but such relief cannot be granted here because appellees did not file their motion within one year of entry of the judgment. Fed.R. Civ.P. 60(b).

Moreover, relief is available under Rule 60(b)(6) only for "exceptional situations." 7 J. Moore, *supra,* ¶ 60.27[2] at 60–274. The erroneous inclusion of postjudgment interest is not such a situation. *See Chicago & North Western R.R. v. Union Packing Co.,* 527 F.2d 592, 592 (8th Cir.1976).

Finally, appellants claim they are entitled to recover their reasonable attorney's fees in prosecuting this appeal. We agree. It is true that in their letter transmitting the proposed stipulated judgment, appellants noted that the proposed judgment "excluded" attorneys' fees as well as interest. As in the case of interest, however, the judgment was simply silent on the question of fees. In our view, the letter can at most be viewed as a waiver of any attorneys' fees connected with securing the stipulated judgment, which fees might otherwise have been expected to be included in that judgment; the waiver cannot reason-

ably be applied to exclude fees to which appellants are otherwise entitled for efforts taken to enforce the judgment when it later went unpaid.

The collective bargaining agreement provided that delinquent employers should pay the legal costs of collection. At the time the judgment was entered in 1977, the award of attorneys' fees in a successful action by a fiduciary under section 502(g) was discretionary. *San Pedro Fishermen's Welfare Trust Fund v. Di Bernardo,* 664 F.2d 1344, 1346 (9th Cir.1982); 29 U.S.C. § 1132(g) (1976). We exercise our discretion to award fees on appeal. Appellants may submit their statement of fees with substantiating documents, to this court within fourteen (14) days of the filing of this opinion.

REVERSED.