510 So.2d 1104 (1987)
MONTE CAMPBELL CRANE COMPANY, INC., Appellant,
v.
James HANCOCK, et al., Appellees.
No. 87-0066.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
Anne M. Desormier of DeSantis, Cook & Gaskill, P.A., North Palm Beach, for appellant.
William J. Wichmann of William J. Wichmann, P.A., Fort Lauderdale, for James Hancock.
GLICKSTEIN, Judge.
A defendant in a civil suit in the Broward County Circuit Court appeals a nonfinal order denying its motion to set aside default and a nonfinal order denying rehearing on that motion. We reverse and remand.
Fifty-seven days after the appellee served his tort complaint and twenty-seven days after he served his amended complaint against defendant/appellant Monte Campbell Crane Company, Inc., the clerk entered a default against defendant/appellant for failure to answer. Appellant's secretary-treasurer had provided plaintiff's counsel answers to interrogatories and a letter in answer to the initial complaint but had filed nothing with the court. Appellant also sent a copy of the amended complaint to American Business Insurance Agency, the agent of its insurer, Admiral Insurance Company; and the agency sent it on to the broker, who sent it on to the insurer. More than a month elapsed during these forwardings.
Appellant moved to set aside the default and at the unreported hearing therein submitted the secretary-treasurer's affidavit which said that the company reasonably believed that the insurer would timely file a responsive pleading, but the agency and the broker had been slow in getting notice of the suit to the insurer and that Campbell Crane had a meritorious defense in that the crane allegedly causing the injury was neither owned nor maintained by Campbell Crane, nor did Campbell Crane have any duty to maintain or repair it.
Following the trial court's denial of appellant's motion to set aside the default, appellant filed what it styled as a motion for rehearing and argued there was newly discovered evidence, discussed in an affidavit of appellant's attorney, to the effect she misinterpreted the significance of Hancock's amended complaint, thinking it was intended only to show service of process on another defendant, Anthony Crane Rental Company. This motion was likewise denied. Appellee admits that at this hearing appellant pointed out the existence of the letter from the secretary-treasurer of the corporation, answering the initial complaint. At the hearing the court seemed to indicate a belief that, in spite of the default, appellant would still have opportunity *1105 to prove it was not liable. This appeal followed.
Because of lack of a record, and gaps in the information provided by the parties, this court ordered supplemental briefs addressing specified questions. Based upon the information and argument furnished in response to this order, we substitute the following as more appropriately stating the issues on review than those originally presented by appellant.
1. Whether the entry of a clerk's default was erroneous because the appellant's secretary-treasurer's letter of August 19, 1986, and/or her answer to interrogatories constituted a paper served by the defendant. We conclude it was.
2. If reversal may not be based on the above point of appeal, whether the appropriate test for vacating the default should have been absence of gross negligence and presence of a meritorious defense, pursuant to Rule 1.500(d), as no final judgment or other final order had been rendered. We conclude in the affirmative, but we need not reach this issue.
The parties agree that any paper served prior to entry of a default triggers the requirement that the opposing party be served with a notice of the application for default, Reicheinbach v. Southeast Bank, 462 So.2d 611 (Fla. 3d DCA 1985), and that appellant here had mailed a paper prior to entry of the default, but was not served with notice of the application for default. Appellee contends, however, that this issue was not properly presented to the trial court, and thus was waived.
The parties also agree that the absence of gross negligence and presence of a meritorious defense on appellant's part would have been a sufficient basis for setting aside the default, inasmuch as there had been found no final judgment at the time appellant moved to set aside the default. Appellant, however, indicates that, because the default was erroneously entered in the first place, even this rule 1.500(d), Florida Rules of Civil Procedure, standard did not need to be met; and appellee states this point likewise was not properly presented to the trial court and thus was waived.
Counsel for appellant concedes appellant failed to raise either of the above points before the trial court at the first hearing, because counsel was unaware of the letter and answers to interrogatories until after that hearing on appellant's motion to set aside default. Appellee did raise the erroneous default issue at hearing on its motion for rehearing, which appellee, however, points out is an unauthorized motion. Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983) (order denying motion and amended motion to set aside default judgment was nonfinal, being reviewable under either Florida Rule of Appellate Procedure 9.130(a)(5) or rule 9.130(a)(3)(C)(iv); motion for rehearing was thus unauthorized and will not toll the limitation for noticing appeal). Appellee urges that because the motion for rehearing was unauthorized, the hearing thereon was improper and argument presented at such a hearing is to be ignored as if it never happened. We are not persuaded that because an unauthorized motion fails to toll the time for appeal, trial court action on unauthorized motions is invalid. Appellee cites no authority in direct support of its position.
In the instant case the motion in question was to set aside a default, not a default judgment; an order denying such a motion is likewise a nonfinal order. Trial courts hear "unauthorized" motions all the time and have the discretion to do so; and the only importance of whether a motion is authorized or not is that an unauthorized motion does not toll the time for appealing a prior nonfinal order. Arguably, the ruling on such a motion is not appealable; but we do not think the fact the hearing is on an unauthorized motion, as here, makes the argument heard on that motion null and void. There is a genuine risk of putting form above substance if we leave appellant stuck with a default on the ground that appellant raised its valid argument below in an "unauthorized" situation.
It is well settled that a trial court has the inherent authority to control its own nonfinal orders prior to entry of final judgment. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 851 (Fla. 1962); Alabama Hotel *1106 Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (Fla. 1924). In Rubin v. Baker, 276 So.2d 532 (Fla. 3d DCA 1973), it was held that the trial court should not have denied the appellant's motion for reconsideration when his motion to set aside a default had been denied for failure to submit simultaneously an answer or defense, but an answer tendering proposed defenses accompanied his motion for reconsideration.
Based on these authorities, we suggest that even if, arguendo, a motion for rehearing is inappropriate, and not merely "unauthorized," as to a nonfinal order, a petition or motion for reconsideration is evidently permitted. There is no reason appellant's motion in this case cannot be regarded as a petition or motion for reconsideration. A carnation is a carnation even if someone denominates it a rose; what appellant called a motion for rehearing was a petition or motion for reconsideration.
The object of entry of a default is not to give the plaintiff an advantage by relieving him from having to prove the merits of his claim, but to speed the cause by preventing the defendant's procrastination. E.g., Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942). Thus there is a policy to set aside defaults liberally.
We conclude that the trial court had opportunity to correct its error in not vacating the clerk's default, which was improperly granted when a paper had been served, making appellant entitled to notice of the application for default. See Terino Bros., Inc. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). See also Bonded Rental Agency, Inc. v. Connor, 359 So.2d 926 (Fla. 3d DCA 1978) (answer to original complaint satisfies requirement to answer amended complaint when amended complaint is so substantially similar to original complaint that previous answer is responsive thereto).
The reason for the rule that an appellate court will not review that which has not come before the trial court is that the trial court should have opportunity to correct its own errors. The trial court here had such opportunity. Accordingly, the issue is reviewable here.
DOWNEY and GUNTHER, JJ., concur.