HENDRY, Judge.
This appeal stems from an action in which appellant, Crocker Investments, obtained a final judgment against a defendant who is not a party to this appeal. After the judgment against the defendant was entered, Crocker instituted garnishment proceedings against appellee, Statesman Life Insurance Company, on the belief that Statesman was in possession of personal property belonging to the defendant. Crocker obtained a writ of garnishment which was served on Statesman by mail on September 29, 1986. In response to the writ of garnishment, an attorney representing Statesman mailed Crocker a letter dated October 16, 1986, informing Crocker that Statesman had no personal property belonging to the defendant. On October 20, 1986, Crocker obtained a default against Statesman, unaware that Statesman had mailed its letter.[1] Statesman received no notice from Crocker prior to the application for the default. The next day, Crocker mailed Statesman a motion for entry of judgment. A judgment was entered against Statesman on October 27, 1986 for $502,126.84.
On November 7, 1986, in response to the judgment, Statesman filed a motion to set aside the default judgment, claiming it had no funds belonging to the defendant. This motion was denied by the trial court on November 26. Statesman then filed a second motion entitled “Motion to Vacate Default or in the Alternative Motion to Amend Final Judgment” on December 3. This second motion asserted that the October 16 letter from Statesman to Crocker constituted a “paper served,” under Fla.R. Civ.P. 1.500(b), entitling Statesman to notice of the application for the default. The trial court entered an order granting Statesman’s second motion, setting aside the default and default judgment “for the sole reason” that the October 16 letter was served prior to filing the default, even though the letter was not received until after the default was entered.
Crocker now appeals this order, contending that the trial court was without jurisdiction to entertain a second motion for relief from judgment because the motion attempts to relitigate matters settled by the first order. For the reasons stated below, we affirm the trial court’s order.
Ordinarily, a trial court is without jurisdiction to entertain a second motion for relief from judgment under Florida Rule of Civil Procedure 1.540, which attempts to relitigate matters settled by a prior order denying relief. Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971); *1307 Atlas v. City of Pembroke Pines, 441 So.2d 652 (Fla. 4th DCA 1983); Purcell v. Deli Man, Inc., 411 So.2d 378 (Fla. 4th DCA 1982); Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980). If a party is dissatisfied with a court’s ruling, the correct remedy is an appeal, not the filing of successive motions to vacate containing the same general grounds or even new ones, which with due diligence could have been raised in the first motion. Perkins, 249 So.2d at 467; Intercoastal Marina Towers, Inc. v. Suburban Bank, 506 So.2d 1177 (Fla. 4th DCA 1987).
The doctrine of res judicata provides the rationale for this line of cases. Perkins, 249 So.2d at 467. Res judicata, however, is not an absolute doctrine. The doctrine should not be adhered to where its strict application would work an injustice. DeCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973); Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302 (1946). A trial court exercises discretion in ruling on a motion for relief from judgment, but in exercising this discretion the court must seek to balance two countervailing interests: the court’s desire to preserve the finality of judgments against the court’s obligation that justice be done. Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir.1984)[2]
Florida courts, in the interests of justice, have adopted a liberal policy of granting motions to set aside defaults. See, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Rei-cheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). Reasonable doubts are resolved in favor of granting the motions and permitting a determination of the controversies on the merits. Rei-cheinbach, 462 So.2d at 612. This policy is especially appropriate in circumstances in which a court order sets aside a default judgment which was erroneously entered. Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
Under Florida Rule of Civil Procedure 1.500(b), any paper served prior to the entry of default triggers the requirement that the party against whom the default is sought shall be served with notice of the application for default. Reicheinbach, 462 So.2d at 612. A timely letter served by a defendant to a plaintiff constitutes a paper served within the meaning of Rule 1.500(b) and entitles the defendant to notice of default proceedings. Reicheinbach, 462 So. 2d at 612; Beylund v. Gomez, 498 So.2d 639 (Fla. 3d DCA 1986); J.A.R., Inc. v. Universal Am. Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986).
This court in earlier opinions has held that failure to provide adequate notice of an application for default, when required by the rules of civil procedure, causes the entrance of the default judgment to be improper. Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979); Pan American World Airways, Inc. v. Gregory, 96 So.2d 669 (Fla. 3d DCA 1957). Although this error does not usually render the judgment void, it is regarded as a serious procedural irregularity. See 7 J. Moore, Moore’s Federal Practice, § 60.25[2] (2d ed. 1985). When default judgments have been found to be improper because they were entered without providing parties with requisite notice, Florida courts have generally granted motions to set aside the defaults. Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); J.A.R., Inc., 467 So.2d at 468; Kiaer, 376 So.2d at 922; Mo-Con, 289 So.2d at 745.
In a recent decision involving facts similar to the instant case, the fourth district reversed a default erroneously entered even though the argument to set aside the default was presented to the trial court in an “unauthorized” motion. Monte Camp *1308 bell Crane Co., Inc. v. Hancock, 510 So.2d 1104 (Fla. 4th DCA 1987). The court, citing Florida’s liberal policy of setting aside defaults, stated that a genuine risk of putting form above substance would exist if the court were to leave a party stuck with a default on the ground that the party raised its valid argument at the trial level in an unauthorized situation. Hancock, 510 So.2d at 1105.
In the case under review, serious procedural irregularities existed. The court correctly determined that Statesman’s letter dated October 16, 1986 constituted a paper served, triggering the notice requirement under Rule 1.500(b). Consequently, the default judgment initially entered against Statesman was erroneous. In addition to entering a default judgment without notice, the facts of this case also reveal that the default was entered prematurely. Under these circumstances, the trial court properly balanced the two countervailing interests before it and did not abuse its discretion in determining that the obligation that justice be done in vacating an erroneous judgment outweighed the desire to preserve the finality of judgments.
Other districts, such as the first and fourth, have denied successive motions to vacate default judgments, thus strictly adhering to the doctrine of res judicata. See Perkins; Malicoat; Purcell; Atlas. This district has not previously ruled on this precise issue, but in AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981), we cited Malicoat v. LaChappelle for the general principle that res judicata applies to matters raised by motions. AGB Oil Co., 406 So.2d at 1167. We cited Malicoat as holding that an order denying a motion to set aside a default judgment is res judicata and bars a subsequent motion to set aside the default and to vacate the final judgment brought on virtually the same grounds as the original motion. AGB Oil Co., 406 So.2d at 1167 (emphasis added).
In the instant case, Statesman raised additional grounds in its second motion to vacate which were not raised in the first motion. In this motion, Stateman claimed that its October 16 letter constituted a paper served, thus entitling Statesman to notice of the application for default. These additional facts revealed that the default judgment had been erroneously entered. Thus, under the unique facts of this case, we are impelled to conclude that the interests of justice would best be served by affirming the trial court’s order vacating the default.
Affirmed.
BASKIN, J., concurs.

. This default was entered prematurely. The twentieth day after September 29 was October 19, 1986, which fell on a Sunday. Statesman, therefore, had until the close of business on Monday, October 20, 1986 to answer Crocker’s writ of garnishment. § 77.04 Fla.Stat. (1985); Fla.R.Civ.P. 1.090(a).

. This Fifth Circuit case discusses Rule 60(b), the federal equivalent to Rule 1.540(b), Fla.R. Civ.P. The two rules are substantially the same, therefore, the construction given Federal Rule 60(b) by the federal courts is persuasive authority for construing Florida Rule 1.540(b). See Falkner v. Amerifirst Fed. Savings & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986).