PER CURIAM.
The final default judgment under review is reversed because, simply stated, the plaintiff Julio Documet failed to serve the defendant Frank Mena with notice of the default herein as required by Fla.R.Civ.P. 1.500(b).
Without dispute, the defendant Frank Mena had filed pleadings below prior to the entry of the default below, and therefore the plaintiff Julio Documet was required by the above rule to serve his motion for default on the said defendant. The record reflects, however, that the subject motion was not served upon the defendant Frank Mena or his attorney of record, Lister Witherspoon IY. Instead, the motion was served upon Bennett Fultz, an attorney whom Mr. Witherspoon had asked “to handle any problems that came up” while Mr. Witherspoon (a solo practitioner) was out of town attending a legal seminar. Mr. Fultz, however, never entered an appearance in the case on behalf of the defendant Frank Mena, and, accordingly, it is plain that service of the motion for default upon Mr. Fultz did not constitute service upon the defendant Frank Mena. Indeed, the plaintiff’s certificate of service on the motion for default does not represent that Mr. Fultz was counsel for the defendant Frank Mena. This being so, it is clear that the default was improperly entered below. Crocker Inv., Inc. v. Statesman Life Ins. Co., 515 So.2d 1305 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 877 (Fla.1988); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985); Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979).
The final default judgment under review is reversed, and the cause is remanded to the trial court with directions (a) to grant the defendant Frank Mena’s motion to set aside the default entered herein, and (b) to allow the defendant Frank Mena to file an answer to the complaint herein.
Reversed and remanded.