2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BOARD OF TRUSTEES OF THE WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND, Plaintiff-Appellee,
v.
P & H DISTRIBUTING, Homer Carr, Phyllis Carr, Defendants-Appellants,
and
King Delivery, Inc., Defendant.
 No. 91-56020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1993.*
Decided Aug. 11, 1993.
 
 Before: BROWNING, FARRIS, and KELLY,** Circuit Judges.
 MEMORANDUM***
 Federal Rule of Civil Procedure 60(b) provides that a motion for relief from judgment based on: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; or 3) fraud, misrepresentation, or other misconduct, must be made "not more than one year" after the judgment is entered. The district court lacks jurisdiction to consider a motion under Rule 60(b)(1), (2), or (3), filed more than one year after entry of judgment. See Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989) (dismissing for lack of jurisdiction motion under Rule 60(b)(2) brought more than two years after judgment was entered); Waggoner v. McGray, Inc., 743 F.2d 643, 645 (9th Cir.1984). The court has no power to enlarge the time limits of the rule. Fed.R.Civ.P. 6(b); 11 Wright & Miller, Federal Practice and Procedure Sec. 2866 at 233-34 (1983).
 Citing no authority, the district court permitted the Teamsters to file its Rule 60(b) motion more than three years after judgment was entered. The court found that it would be "unfair" to hold the Teamsters to the one year time limit. Although the district court has considerable discretion in ruling on motions for relief from judgment, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), we are compelled to find that the court abused its discretion in enlarging the time limits of the rule. Fed.R.Civ.P. 6(b), 60(b).
 The Teamsters argue that the district court should be affirmed nevertheless because the bankruptcy stay period should be excluded in calculating the one year time limit of Rule 60(b). The Teamsters rely on 11 U.S.C. Sec. 108(c), which provides:
 [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.
 The reliance is misplaced. Even if we allow that a Rule 60(b) motion is a proper vehicle for bringing an amended complaint against an additional defendant--which we doubt, see Engleson v. Burlington N.R.R., 972 F.2d 1038, 1043 (9th Cir.1992)--section 108(c) applies only to "a claim against the debtor." See In Re Hunters Run Ltd. Partnership, 875 F.2d 1425, 1427 (9th Cir.1989). The Teamsters' motion cannot be construed as continuing or commencing a "claim against the debtor." P & H Distributing and the Carrs are not debtors. See 11 U.S.C. Sec. 101. The Teamsters apparently recognized this fact, arguing that the automatic stay did not apply to P & H and the Carrs.
 The district court's grant of summary judgment against P & H Distributing and the Carrs is VACATED for lack of jurisdiction. The case is REMANDED for entry of an order dismissing the Teamsters' amended complaint. Each side shall bear its own costs.
 VACATED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3