GRIFFIN, JACQUELINE R., Associate Judge.
We find no error in any of the issues raised by Appellant, Mercedes-Benz of North America, Inc. (“Mercedes”). We agree, however, with Florescue & Andrews’ contention on cross-appeal that it is entitled to recover prejudgment interest from the date the debt was liquidated by the lower court’s judgment.
Although unstated in the court’s order, the parties appear to agree that the lower court concluded Florescue & Andrews waived its prejudgment interest claim. We believe that the circumstances presented in the record *1068 below do not amount to a waiver. Floreseue & Andrews withdrew the claim in an amendment to its complaint filed pursuant to a lower court order that granted Mercedes’ motion to strike. Additionally, prejudgment interest does not have to be pled,[1] and an award of prejudgment interest is non-discretionary once the amount of loss is ascertained.[2] Accordingly, we remand to the lower court with instructions to fix and award the amount of prejudgment interest to which Floreseue & Andrews is entitled.
Affirmed in part; reversed in part and remanded.
GLICKSTEIN and SHAHOOD, JJ., concur.

. Tillman v. Howell, 634 So.2d 268, 270 (Fla. 4th DCA 1994); Getelman v. Levey, 481 So.2d 1236, 1240-41 (Fla. 3d DCA 1985), rev. denied, 494 So.2d 1150 (Fla.1986).

. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985).