722 So.2d 216 (1998)
ALLSTATE INSURANCE COMPANY, a corporation, Appellant,
v.
Salvatore GULISANO and Eleanor Gulisano, Appellees.
No. 97-04471.
District Court of Appeal of Florida, Second District.
October 9, 1998.
Rehearing Denied December 18, 1998.
*217 Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale, and Ronald L. Napier of Ronald L. Napier, P.A., Naples, for Appellant.
Michael R.N. McDonnell of McDonnell Trial Lawyers, Naples, for Appellees.
QUINCE, Judge.
Allstate Insurance Company (Allstate) appeals an order granting Salvatore and Eleanor Gulisano's (the Gulisanos) motion for relief from judgment and motion for new trial. We reverse because the record does not support the trial court's order granting the motions.
The Gulisanos filed suit against Allstate under their homeowner's policy for property damage allegedly caused by Hurricane Andrew. On the first day of the two day trial, after the lunch break, the trial judge was informed that Mr. Gulisano was unable to hear testimony due to his hearing impairment. At counsel's request, Mr. Gulisano was permitted to sit in front of the witness stand, apparently with the presumption that close proximity would remedy the problem. He remained seated in front of the witness box without complaint for the remainder of the trial.
At the close of proceedings, the jury found Allstate partially liable (30%) for the Gulisanos' property loss and awarded the couple $5,130.00 for damages and costs. On April 12, 1996, forty-nine days after the jury verdict, the Gulisanos filed an untimely motion for new trial alleging prejudice because Mr. Gulisano was unable to participate in the proceedings due to his profound hearing loss. Three months later, on August 6, 1996, the Gulisanos filed a motion for relief from judgment as an amendment and supplement to their motion for new trial pursuant to Florida Rule of Civil Procedure 1.540. The motion alleged that Mr. Gulisano was unable to prosecute his case and was deprived of due process because inadequate measures were taken to accommodate his hearing disability. The trial court granted the motion following an evidentiary hearing on the matter.
Although the Gulisanos' motion for relief from judgment did not specify, we presume it was filed pursuant to subsection (b) of Florida Rule of Civil Procedure 1.540, which allows the court to vacate a final judgment on grounds of mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, fraud or if the judgment is void or has been satisfied.[1] However, the *218 rule does not contemplate relief under circumstances such as these where the moving party has merely suffered prejudice as a result of his own inaction. See, e.g., Bothwell v. State, 450 So.2d 1150 (Fla. 2d DCA 1984) (a party's failure to object or take steps necessary to protect his or her own interests cannot be, in and of itself, grounds for vacating a judgment); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA 1973).
As a preliminary matter we note that a motion filed pursuant to rule 1.540 cannot be used as a substitute for an untimely motion for new trial. See Fla. R. Civ. P. 1.530 (time for which to move for new trial is within ten days after verdict is rendered); see also Curbelo v. Ullman, 571 So.2d 443 (Fla.1990). Therefore, the trial court erred in allowing the motion for relief from judgment to supplement and/or amend the Gulisanos' untimely motion for new trial.
The motion for relief from judgment did not allege factors enumerated in rule 1.540(b), and the only grounds which could remotely provide relief in this case would be mistake, inadvertence or excusable neglect. Evidence presented at the hearing simply does not establish the presence of any of these factors; therefore, the trial court's granting of the motion was an abuse of discretion. The Gulisanos properly argue that under state and federal disability laws, disabled persons are entitled to equal and meaningful access to the courts; however, in order to be accommodated such persons have the duty not only to make their disabilities known but also to inform the court when measures taken to remedy such obstacles are ineffective. The law requires diligence of all parties to protect and assert their rights including the disabled to the extent that they are capable of doing so. Certainly Mr. Gulisano was capable of informing the court of his continued inability to hear.
Moreover, from a policy standpoint we feel it imprudent to grant relief under rule 1.540 in this case. Such a ruling would provide a basis for allowing too many dissatisfied litigants to seek relief from judgment under these or similar circumstances. No party should be forced to bear the burden of relitigating a matter due to the opponent's failure to take the necessary steps to protect his or her own interests, particularly when, as here, this could have easily been done.
Accordingly, we reverse and remand with directions to reinstate the judgment.
PARKER, C.J., and WHATLEY, J., Concur.
NOTES
[1] Subsection (a) of the rule provides for relief from judgment on the basis of clerical errors. Fla. R. Civ. P. 1.540.