926 So.2d 436 (2006)
Helen B. HORTON, Appellant,
v.
RODRIGUEZ ESPAILLAT Y ASOCIADOS, Appellee.
No. 3D05-1884.
District Court of Appeal of Florida, Third District.
April 5, 2006.
*437 Weissman, Dervishi, Borgo & Nordlund, P.A., Brian S. Dervishi, and John Borgo, Miami, and Jonathan Bakalarz, for appellant.
Silva & Silva, P.A., Miami, and Ibrahim Reyes, Jr., for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
We reverse the order denying defendant's motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Where a party asserts that the underlying judgment is void, "it is necessary to evaluate the underlying judgment in reviewing the order denying the motion. If it is determined that the judgment entered is void, the trial court has no discretion, but is obligated to vacate the judgment." Dep't of Transp. v. Bailey, 603 So.2d 1384, 1386-87 (Fla. 1st DCA 1992).
In this case, the underlying judgment is void because the complaint, on its face, fails to state a recognizable claim against the defendant, see Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989); Magnificent Twelve, Inc. v. Walker, 522 So.2d 1031 (Fla. 3d DCA 1988); see also Palmer v. Parker, 52 Fla. 389, 42 So. 398, 400 (1906), for liability on the dishonored checks. The trial court should have granted the motion on this basis.
This cause is therefore reversed and remanded for further proceedings. The remaining points raised on appeal lack merit.
Reversed and remanded.