940 So.2d 1179 (2006)
PHENION DEVELOPMENT GROUP, INC., et al., Appellant,
v.
Richard LOVE and Marguerite Love, Appellee.
No. 5D06-1710.
District Court of Appeal of Florida, Fifth District.
September 29, 2006.
Rehearing Denied November 1, 2006.
*1180 Charles D. Franken of Charles D. Franken, P.A., Plantation, for Appellant.
*1181 David G. Larkin and Jesse L. Kabaservice of Fallace & Larkin, L.C., Melbourne, for Appellee.
LAWSON, J.
Phenion Development Group, Inc., and Anthony Tharpe, defendants below in a foreclosure action brought by Richard and Marguerite Love, challenge the denial of their motion to vacate the final judgment entered against them. Appellants argue that the final judgment erroneously provided for post-judgment interest at the default rate stated in their note and mortgage (instead of the statutory rate), and under Florida Rule of Civil Procedure 1.540(b) either: (1) should have been vacated as "void;" or (2) should have been vacated based upon their showing of "mistake, inadvertence, surprise, or excusable neglect." Appellees counter that the final judgment was not void, and that Appellees' motion did not raise the type of "mistake" that can be corrected by motion under rule 1.540(b). Consequently, they argue, the trial court lacked jurisdiction to consider the motion. We affirm, finding that the final judgment was not void; that the trial court had jurisdiction to entertain the motion based upon mistake or excusable neglect; and that the trial court properly exercised its discretion by denying Appellant's motion.
The case below commenced with Appellees' filing a complaint on May 27, 2005, seeking to foreclose on property owned by Appellants, based upon Appellants' breach of a promissory note and mortgage secured by the property. Appellants answered the complaint, and, ultimately, summary judgment was entered in favor of Appellees on September 23, 2005. Final judgment was entered, and Appellants neither moved for rehearing as to any issue nor appealed.
One week prior to the first publicly noticed foreclosure sale, Appellants filed a suggestion of bankruptcycausing the sale to be cancelled. The matter was then stayed in circuit court until February 28, 2006, when the bankruptcy court granted Appellees' motion for relief from stay.[1] After the foreclosure sale was re-noticed, some seven months following entry of the final judgment, Appellants filed their rule 1.540(b) motion (along with an emergency motion to cancel the sale), arguing that the final judgment contained an incorrect rate for post-judgment interest.[2] The emergency motion to cancel the sale was denied, and the foreclosure proceeded. After completion of the foreclosure sale, Appellants unsuccessfully argued their motion to vacate the final judgment.
Generally, we review a trial court's decision on a rule 1.540(b) motion for abuse of discretion. Crocker Invs., Inc. v. Statesman Life Ins. Co., 515 So.2d 1305 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 877 (Fla.1988). However, when the underlying judgment is "void," the trial court has no discretion, but is obligated to vacate the judgment. State, Dep't of Transp. v. Bailey, 603 So.2d 1384, 1386-87 (Fla. 1st DCA 1992). Appellants claim that the judgment was void, arguing that because *1182 Appellees' complaint did not expressly plead entitlement to post-judgment interest at the default contract rate, the trial court lacked "subject matter jurisdiction" to award interest at the default contract rate, citing Horton v. Rodriguez, 926 So.2d 436 (Fla. 3d DCA 2006) and Decubellis v. Ritchotte, 730 So.2d 723 (Fla. 5th DCA 1999). Neither of these cases support Appellants' argument.
In Decubellis, this court held that a default judgment should be vacated where the moving party shows "excusable neglect, a meritorious defense, and due diligence in seeking relief after learning of the default." Decubellis, 730 So.2d at 727. In reaching this conclusion, we simply noted an argument that the judgment was void because appellants "were never served with process or otherwise given notice of the proceedings." We find nothing in the Decubellis holding or case to be remotely applicable here. In this case, Appellants were properly served and fully participated in the proceeding, and this is not a default judgment case.
The Horton case also relies on default judgment cases that have no application here: Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989) and Magnificent Twelve, Inc. v. Walker, 522 So.2d 1031 (Fla. 3d DCA 1988). As explained in Becerra, a default operates as an admission of the truth of all well pleaded allegations, except those concerning damages. Becerra, 551 So.2d at 488. Where a complaint fails to state a cause of action, the pleading deficiency is "not curable by a default judgment" because "even if the allegations were accepted as true, the plaintiff would not have made a case upon which relief could be granted." Id. For this reason, a default judgment should be set aside as void where the complaint, on its face, fails to state a recognizable claim. Id.; Horton, 926 So.2d at 437.
In this case, Appellees' complaint clearly sets forth a valid, viable cause of action in foreclosure. Appellants were properly served, and participated in the proceeding. Further, we reject Appellants' argument that a trial court lacks subject matter jurisdiction to award post-judgment interest (in general, or at a particular rate) unless the complaint expressly requests this relief.
In general, there are two aspects of subject matter jurisdiction. The first "concerns the power of the trial court to deal with the class of cases to which a particular case belongs." Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 n. 3 (Fla.2003). Appellants do not challenge the trial court's power to deal with foreclosure cases, in general. The second "requires that a court's jurisdiction be lawfully invoked by the filing of a proper pleading." Garcia v. Stewart, 906 So.2d 1117, 1122 (Fla. 4th DCA 2005). As we have already said, Appellees' complaint stated a viable cause of action, and therefore lawfully invoked the court's jurisdiction. With respect to the issue of interest, neither pre-judgment interest nor post-judgment interest needs to be specifically pled under Florida law. See, e.g., Mercedes-Benz of North America, Inc. v. Florescue & Andrews Invs., Inc., 653 So.2d 1067, 1068 (Fla. 4th DCA 1995) (noting "pre-judgment interest does not have to be pled, and an award of pre-judgment interest is non-discretionary once the amount of loss is ascertained"); Napp v. Carman, 576 So.2d 361, 362 (Fla. 4th DCA 1991) (noting "post-judgment interest is governed by statute and need not be pled"). Therefore, the general plea for relief contained in Appellees' complaint was sufficient to invoke the court's jurisdiction to enter a judgment that included post-judgment interest.
*1183 In short, this case is governed by the "well settled" rule that "where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void." Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990).
We next turn to Appellants' argument that the final judgment should have been set aside under rule 1.540(b) based upon mistake or excusable neglect. As to this issue, our review is somewhat hampered by Appellants' failure to include a complete record on appeal. This is because not all "mistakes" in a final judgment can be remedied by a rule 1.540 motion, and determining whether Appellants' argument could be addressed under rule 1.540 depends upon the way the issue of post-judgment interest was presented (or not presented) below.
Rule 1.540 was not intended as a substitute for relief from judicial error, "such as a mistaken view of the law," that should have been corrected by direct appeal or by motion under Florida Rule of Civil Procedure 1.530.[3]Curbelo, 571 So.2d at 444-45; see also, Latin Am. Cafeteria, Inc. v. Zales Meats Distribs., Inc., 921 So.2d 768 (Fla. 3d DCA 2006); Skinner v. Skinner, 579 So.2d 358 (Fla. 4th DCA 1991); Fiber Crete Homes, Inc. v. State, Dep't of Transp., 315 So.2d 492 (Fla. 4th DCA 1975). Therefore, if the issue had been squarely presented to the trial court, for example, and the court had simply rejected Appellants' legal argument as to the appropriate rate to use for post-judgment interest, the adverse legal ruling should have been raised by a timely appealand would therefore be improper for consideration under rule 1.540. See Allstate Ins. Co. v. Gulisano, 722 So.2d 216 (Fla. 2d DCA 1998), rev. denied, 740 So.2d 528. However, because Appellants did not include a transcript from the hearing resulting in entry of the final judgment (or of the hearing on their rule 1.540 motion), we have no way of conclusively determining what was presented or argued.
Even if the legal issue was not originally presented to the trial court, as both briefs seem to suggest, the mistake still appears to have been a mistake of law, which Appellants could have corrected by timely filing a motion for rehearing (bringing the overlooked but controlling case law to the court's attention). See Barrios v. Draper, 423 So.2d 1002, 1003 (Fla. 3d DCA 1982) (noting "a party seeking relief from judgment based on a mistake of law has two alternatives. He may file a motion pursuant to Florida Rule of Civil Procedure 1.530(g) within ten days after entry of the final judgment or file an appeal within thirty days.") (citations omitted). In addition, rule 1.540(b) "does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence." Viking Gen. Corp. v. Diversified Mortgage Investors, 387 So.2d 983, 985 (Fla. 2d DCA 1980), rev. denied, 394 So.2d 1154 (Fla.1981). As explained in Viking General: "The necessary finality of litigation prohibits us from giving parties a second chance at proof they had available in the first instance, but overlooked or chose not to use." Id. at 986; see also, Gulisano, 722 So.2d at 218 ("No party should be forced to bear the burden of relitigating a matter due to the opponent's failure to take the necessary steps to protect his or her interests, particularly when, as here, this could have easily been done."); Randle-Eastern Ambulance Serv. *1184 v. Vasta, 360 So.2d 68, 69 (Fla.1978) ("[I]t has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in rule 1.540(b) suggests otherwise."). This reasoning would seem to apply, with equal force, to new legal arguments that trial counsel overlooked or chose not to use.[4]
Therefore, as a general rule, we do not believe that rule 1.540 should be used as a vehicle to present new legal arguments originally overlooked by counselespecially where correcting the mistake would result in reopening the entire case, or a substantial portion of it. But see Waggoner v. R. McGray, Inc., 743 F.2d 643 (9th Cir.1984) ("Mistake of counsel induced by error of law is covered by rule 60(b)(1), which provides for relief for reason of `mistake, inadvertence, surprise or excusable neglect.'").[5]
However, the "mistake" alleged here is one that in many cases could easily be corrected without great harm to the important principle of finality. And, the only federal appellate court that appears to have addressed the issue has allowed a trial court to correct a mistake in the post-judgment interest rate by filing a rule 60(b) motion. See Fidelity Fed. Bank v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir.2004) ("The district court acted within its discretion when it corrected the post-judgment interest rate" by granting party's rule 60(b) motion.); see also, Waggoner, 743 F.2d at 645 (holding that erroneous inclusion of post-judgment interest could have been corrected by motion under rule 60(b), had the motion been timely filed).
Because correcting a mistake in the post-judgment interest rate generally could be accomplished easily and quickly, without relitigating any substantive issue and with little burden on the rule of finality, we elect to follow federal precedent and hold that a timely motion under rule 1.540(b) can be used to correct an error in the post-judgment interest rate. As with other issues properly raised under rule 1.540(b), this will require the trial court, on a case by case basis, to balance the "countervailing interests" of "the court's desire to preserve the finality of judgments against the court's obligation that justice be done." Crocker, 515 So.2d at 1307.
Turning back to this case, we believe that the court acted within its broad discretion in denying Appellants' motion. Appellees had already twice arranged for and noticed the foreclosure sale; Appellants had already significantly delayed the sale once, and failed to make any bid whatsoever on the subject property; and, Appellants presumably sought below the same relief sought on appealnot just a correction of the post-judgment interest rate but an order setting aside the foreclosure *1185 sale, certificate of title, and certificate of sale founded upon the final judgment. Under these circumstances, we find the trial court did not abuse its discretion in opting for finality. Further, because we were not provided with a transcript of the relevant hearing, we must presume that the trial court's decision was based upon a correct balancing of interests. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding "the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error").
AFFIRMED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] Appellants were afforded the opportunity to continue the automatic stay by making an "adequate protection" payment equivalent to all accrued post-petition interest (at a rate of eight percent per annum). When Appellants failed to make the payment, the bankruptcy court lifted the stay.
[2] Appellants appear correct in this assertion. The final judgment provided for post-judgment interest at the default rate of eighteen percent per annum. However, the note and mortgage did not explicitly state that the default contract rate would also serve as the post-judgment rate. Therefore, the statutory rate should have been used. See Whitehurst v. Camp, 699 So.2d 679 (Fla.1997).
[3] Under rule 1.530, a party has ten days within which to file a motion for rehearing.
[4] It is not completely unforeseeable that an attorney might hold back an argument and allow a judgment to be entered containing an easily correctable mistake, if he or she knew that the judgment could later be vacated. In this case, for example, Appellants clearly did not have the funds to redeem the property at the time of the original sale. However, if they could build in a "second bite at the apple," it could greatly inure to their benefit if, for example, the value of the property significantly increased during the year allowed for filing a rule 1.540 motion.
[5] "Because Federal Rule of Civil Procedure 60(b) is substantially the same as Florida Rule of Civil Procedure 1.540(b), the "construction given Federal Rule 60(b) by the federal courts is persuasive authority for construing Florida Rule 1.540(b)."" Schlapper v. Maurer, 687 So.2d 982, 986 n. 1 (Fla. 5th DCA 1997) (quoting Crocker Invs., Inc., 515 So.2d at 1307 n. 2).