WARNER, J.
The petitioners seek a writ of mandamus to compel the trial court to grant their motion for reconsideration filed after the assigned judge granted a motion to recuse in accordance with Florida Rule of Judicial Administration 2.160.[1] Without holding a hearing to reconsider those individual rulings, the successor judge denied the petitioners’ motion for reconsideration of twelve motions ruled on by the recused judge during the year prior to his recusal. In the alternative, the petitioners seek cer-tiorari review of the successor judge’s order denying the motion for reconsideration. We hold that the petitioners are not entitled to either mandamus or certiorari relief.
The petitioners claim that they are entitled to reconsideration of prior rulings by the recused judge as a matter of right, citing to section 38.07, Florida Statutes. However, that statute applies only to orders for disqualification under sections 38.02 or 38.05, dealing with disqualification due to consanguinity, not for bias or prejudice.
*487 Instead, pursuant to Florida Rule of Judicial Administration 2.330(h) a successor judge may reconsider and vacate or amend prior factual or legal rulings of a recused judge if a motion for reconsideration is made 'within twenty days of the order of disqualification. Here, petitioners claim that they are entitled to a de novo hearing on each of the motions on which they have requested reconsideration. We disagree that an individualized hearing on each such motion is mandatory.
Where a motion for reconsideration is made, we think it is reasonable for the litigant to detail the reasons for the necessity of reconsideration and point the successor judge to all parts of the record necessary to determine whether to vacate the prior ruling. Then, after review of the motion and the record, the court can determine on the record whether reconsideration of a motion should occur, and as to those motions, the court may wish to set a hearing and conduct further proceedings.
The orders in this case constituted various rulings on discovery issues and pleading issues. They do not impose liability on petitioners, nor does the motion for reconsideration indicate how the grounds alleged for recusal impacted the recused judge’s rulings on these motions. It would seem to us that the successor judge must consider whether the rulings work an injustice on the party as well as the effect of reconsideration of a multitude of rulings on the administration of justice. The purpose of reconsideration is to remove the taint of prejudice where rulings might be perceived as so tainted. It should not be used merely to obtain “a second bite at the apple” with respect to prior judicial rulings.
As the petitioners were not entitled as a matter of right to a hearing on each motion, mandamus relief is not appropriate. Further, as to certiorari relief, petitioners have not shown how they are irreparably damaged because the successor judge failed to set the motion to reconsider for a hearing. If any of the rulings made by the recused judge are in error, then relief may be available on appeal from any final judgment.
Petition denied.
SHAHOOD and TAYLOR, JJ., concur.

. Effective September 21, 2006, rule 2.160 was renumbered as rule 2.330. See In re Amendments to the Florida Rules of Judicial Administration, 939 So.2d 966 (Fla.2006).