DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVE OGNENOVIC,**
Appellant,

v.

**DAVID J. GIANNONE, INC., DAVID J. GIANNONE**, and
**RICHARD ANDERSON,**
Appellees.

No. 4D14-4833

[August 19, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez, Judge; L.T. Case No. CACE 13-019872 (12).

Chris B. Fisher of the Law Offices of Chris B. Fisher, P.A., Plantation, for appellant.

John R. Gillespie of The Gillespie Law Firm, Lighthouse Point, for appellees David J. Giannone, Inc., and David Giannone.

LEVINE, J.

Appellant appeals the trial court's non-final order denying appellant's motion for relief from his voluntary dismissal of one count in appellant's amended complaint, as well as a previously entered order dismissing all counts in his initial complaint. Because we find appellant's preserved arguments are without merit and that the remainder of the arguments are unpreserved or waived, we affirm.

Steve Ognenovic, appellant, filed his initial complaint on August 28, 2013, alleging causes of action for constructive fraud, fraud, and civil theft against appellees, David J. Giannone, Inc., and David J. Giannone, individually. Appellant alleged that Giannone negotiated the sale of a boat, two motors, and a trailer to appellant in June 1996, but "purposefully and fraudulently failed to transfer the title" to appellant after he completed payments in July 1996. On October 31, 2013, the court entered an order granting appellees' motion to dismiss pursuant to the statute of repose and statute of limitations, dismissing all three counts of the complaint

with prejudice. Appellant moved for rehearing, which the trial court denied. Significantly, appellant did not appeal the October 2013 order dismissing his counts with prejudice.

Appellant's amended complaint, filed in December 2013, alleged a count for equitable estoppel against appellees. Again, appellees moved to dismiss, arguing there is no equitable estoppel cause of action recognized in Florida, and even if there were, such action was time-barred. In response, in February 2014, appellant filed a notice of voluntary dismissal without prejudice as to that count. On June 12, 2014, the initial trial judge sua sponte entered an order of recusal. On June 27, 2014, appellant filed a motion for relief from his voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.540(b) and to vacate the October 2013 order under Florida Rule of Judicial Administration 2.330. He alleged the first dismissal was obtained "[t]hrough fraud, misrepresentations and *ex parte* submission of a proposed order" by Giannone. He also alleged that appellees committed fraud upon the court by fraudulently creating and producing a brokerage agreement with the then-title owner of the boat, despite previously swearing no such agreement existed.

After a hearing, the trial court entered an order denying appellant's motion, finding he "failed to demonstrate that a 'taint of prejudice' exists in the October 2013 Order" as required by rule 2.330(h). The trial court also found that the brokerage agreement "does not provide new evidence of the fraudulent conduct as claimed in the initial complaint" and "does nothing to alter the result reached by the October 2013 Order."

A majority of the arguments contained in appellant's motion for relief were waived.[1] However, appellant's request for reconsideration of the October 2013 order under rule 2.330 is properly before this court.

---

[1] Appellant raises a number of arguments related to Giannone's submission of a proposed order for the October 2013 order and the initial trial judge's application of the "wrong facts" to the "wrong law" regarding the statutes of repose and limitations to the three counts in appellant's initial complaint. Appellant failed to appeal the October 2013 order which dismissed those counts with prejudice, and the arguments raised in his motion to vacate could have and should have been raised in a direct appeal of that order, rather than to the trial court under rule 1.540 nearly eight months later. *Phenion Dev. Grp., Inc. v. Love*, 940 So. 2d 1179, 1183 (Fla. 5th DCA 2006) (holding that if "the adverse legal ruling should have been raised by a timely appeal," it is "improper for consideration under rule 1.540"); *Phadael v. Deutsche Bank Trust Co. Ams.*, 83 So. 3d 893, 895 (Fla. 4th DCA 2012) ("A rule 1.540(b) motion is not a substitute for a motion for rehearing or an appeal.").

"This question involves a pure question of law and thus is subject to de novo review." *S. Baptist Hosp. of Fla., Inc. v. Welker*, 908 So. 2d 317, 319 (Fla. 2005).

Rule 2.330(h) provides that "[p]rior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration." Rule 2.330 requires "the litigant to detail the reasons for the necessity of reconsideration and point the successor judge to all parts of the record necessary to determine whether to vacate the prior ruling." *Rath v. Network Mktg., L.C.*, 944 So. 2d 485, 487 (Fla. 4th DCA 2006). "[W]hen presented with a prior interlocutory ruling that is based on a clearly mistaken interpretation of the law it is indeed appropriate for the succeeding judge to vacate or modify the prior order." *Russ v. City of Jacksonville*, 734 So. 2d 508, 511 (Fla. 1st DCA 1999) (citation omitted). Additionally, "the successor judge must consider whether the rulings work an injustice on the party as well as the effect of reconsideration of a multitude of rulings on the administration of justice." *Rath*, 944 So. 2d at 487. "The purpose of reconsideration is to remove the taint of prejudice where rulings might be perceived as so tainted. It should not be used merely to obtain 'a second bite at the apple' with respect to prior judicial rulings." *Id.*

Here, as in *Rath*, appellant fails to "indicate how the grounds alleged for recusal impacted the recused judge's rulings on these motions" or demonstrate any kind of prejudice he suffered from the initial trial judge's entry of the October 2013 order. *Id.* He also fails to demonstrate how the order was "based on a clearly mistaken interpretation of the law" as required by rule 2.330. *Russ*, 734 So. 2d at 511 (citation omitted). Appellant fails to demonstrate how production of the brokerage agreement prior to the October 2013 hearing would have changed the initial trial judge's ruling in the October 2013 order. Appellant's initial complaint was premised on Giannone's failure to transfer title of the boat and trailer in 1996. None of the allegations in the complaint concern anything related to the relationship between appellees and the brokerage client. Thus, the delayed production of the agreement is irrelevant to the dismissal of claims in the initial complaint, and earlier production of it would have done nothing to extend the statutes of limitations or repose, upon which the initial trial judge dismissed appellant's claims.

Counts for constructive fraud and common law fraud require actions to be initiated within twelve years of the fraudulent conduct, and civil theft has a five-year statute of limitations. *See* §§ 95.031(2)(a), 772.17, Fla. Stat. (2013); *Seymour v. Adams*, 638 So. 2d 1044 (Fla. 5th DCA 1994).

3

Here, where appellant's allegations of fraud and theft were based on conduct that occurred in 1996, the initial trial judge correctly found that the causes of action filed seventeen years later in 2013 were time-barred. The successor trial judge correctly affirmed the initial trial judge's ruling, noting "[t]he fact that there may have been a fraudulent transfer related to the brokerage agreement does not provide new evidence of the fraudulent conduct as claimed in the initial complaint."

For the above reasons, we affirm the order of the trial court.

*Affirmed.*

STEVENSON and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***