642 So.2d 59 (1994)
UNITED COMMUNITY INSURANCE COMPANY, Appellant,
v.
Leslie LEWIS, Appellee.
No. 93-2591.
District Court of Appeal of Florida, Third District.
August 24, 1994.
Conroy, Simberg & Lewis and Hinda Klein, Hollywood, for appellant.
No appearance for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
In this case, an insured filed a complaint for declaratory relief, arguing that her insurer had wrongfully denied her coverage on a claim. The insurer then filed a motion to dismiss claiming insured's failure to comply with the appraisal clause of the policy, a condition precedent to coverage, precluded coverage. The trial court denied the motion to dismiss. We reverse.
That appraisal clause provides in part:

Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request for the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of *60 loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will set the amount of loss.
Below, the insured successfully argued that the word "may" connoted that appraisal was permissive only. This is not the case. A full reading of the clause makes clear that neither party has the right to deny that demand once it is made. See Ziegler v. Knuck, 419 So.2d 818 (Fla. 3d DCA 1982); see also Intracoastal Ventures Corp. v. Safeco Ins. Co., 540 So.2d 162, 164 (Fla. 4th DCA 1989). Here, the insurer's demand for arbitration was timely, and the insurer did not act inconsistently with that right at any point in the proceedings. See U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983).
Consequently, the trial court erred in concluding that the parties' agreement did not make arbitration mandatory. Accordingly, we reverse the order under review and remand for the trial court to enter an order finding that arbitration was mandatory once invoked by one of the contracting parties, and retaining jurisdiction for the purpose of enforcement.
Reversed.