705 So.2d 119 (1998)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Carlos SIERRA and Lilia Sierra, Appellees.
No. 97-2973.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Powers, McNalis, Moody & Groelle and Brian C. Powers, Lake Worth, and Christopher DeLorenzo, Boca Raton, for appellant.
Ress, Mintz & Truppman and Keith A. Truppman, North Miami, for appellees.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SCHWARTZ, Chief Judge.
Under the applicable homeowners' policy, the parties were, as a matter of law, required to go to appraisal-arbitration to determine the amount of the insured losses caused by Hurricane Andrew. See State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285 (Fla.1996); Paradise Plaza Condominium Ass'n, Inc. v. Reinsurance Corp. of New York, 685 So.2d 937 (Fla. 3d DCA 1996). Because there was no dispute either as to the "making of the agreement to arbitrate," that is, the insurance policy, or that the carrier, by its very resistance to the insureds' application for appraisal, had not complied with that agreement, see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 129 (Fla. 4th DCA 1982), pet. for review denied, 433 So.2d 519 (Fla.1983), the trial court acted correctly by summarily ordering appraisal without formal hearing. See Proper v. Don Conolly Constr. Co., Inc., 546 So.2d 758, 759 (Fla. 2d DCA 1989); Melamed, 425 So.2d at 127.
Affirmed.