719 So.2d 311 (1998)
Alfredo LLAGUNO and Mercy Llaguno, Appellants,
v.
ARI MUTUAL INSURANCE COMPANY, etc., Appellee.
No. 97-3365.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied November 4, 1998.
Ress, Mintz & Truppman and Keith A. Truppman, North Miami, for appellants.
Adorno & Zeder and Raoul G. Cantero, III and William S. Berk, Coconut Grove, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
*312 PER CURIAM.
Just as we held in Perez v. Allstate Ins. Co., 709 So.2d 591 (Fla. 3d DCA 1998), "Upon the sole condition that the insured[s] file the sworn proof of loss required by the policy in support of ... [their] claim for additional insured damages, the order below denying appraisal is reversed on the authority of Allstate Ins. Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998), and the cause is remanded with directions to order appraisal".
SCHWARTZ, C.J., and LEVY, J., concur.
JORGENSON, Judge, dissenting.
Although I agree that under the homeowners' policy the parties are required, as a matter of law, to go to appraisal-arbitration to determine the amount of the insured losses, I do not agree that appraisal-arbitration is required in this case and therefore respectfully dissent.
Appraisal is conditioned upon the insured party's compliance with the appropriate informational requests required by the policy in support of their claim for additional insured damages. See Perez v. Allstate Ins. Co., 709 So.2d 591 (Fla. 3d DCA 1998)("Upon the sole condition that the insured file the sworn proof of loss required by the policy in support of her claim for additional insured damages, the order below denying appraisal is reversed on the authority of Allstate Ins. Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998), and the cause is remanded with directions to order appraisal."); see also Pando v. United States Fidelity & Guar. Co., No. 97-2978, slip op. at 7 (S.D. Fla. June 29, 1998)(noting that the per curiam opinion in Perez, 709 So.2d 591, 23 Fla. L. Weekly at D848, supports the proposition "that the insured must comply with post-loss obligations before the insurer is required to submit to appraisal."). Llaguno has not provided ARI with the sworn proof of loss required by the policy in support of their claim for additional insured damages.
ARI requested, pursuant to the policy conditions, that Llaguno provide a sworn statement of proof of loss, provide documentation supporting the supplemental claim, and submit to an examination under oath. Llaguno has not complied with any of ARI's requests. Llaguno must comply with all these conditions of the policy before the appraisal clause is triggered. See Perez, 709 So.2d 591, 23 Fla. L. Weekly at D848 (Cope, J., concurring in part and dissenting in part); see also Stringer v. Fireman's Fund Ins. Co., 622 So.2d 145, 146 (Fla. 3d DCA)("[T]he failure to submit to an examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay."), review denied, 630 So.2d 1101 (Fla.1993).
I would affirm.