[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04 2001
THOMAS K. KAHN
CLERK

_____

Nos. 99-4301and 99-10529

_____

D. C. Docket No. 97-01485-CV-DLG

FLOYD JACOBS, RUTH JACOBS, his wife,

Plaintiffs-Counter-Defendants-Appellees,

versus

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Defendant-Counter-Claimant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2001)**

Before MARCUS, WILSON and MAGILL*, Circuit Judges.

_____

*Honorable Frank J. Magill, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

MAGILL, Circuit Judge:

Floyd and Ruth Jacobs filed suit against Nationwide Mutual Fire Insurance Company ("Nationwide") in Florida state court, seeking appraisal under the terms of their Florida insurance contract. Nationwide removed the action to federal district court based on diversity jurisdiction. The district court granted the Jacobs' motion for summary judgment, compelling appraisal, and granted the Jacobs' motion for attorney fees. Nationwide appeals both orders. The line of Florida cases upon which the district court relied in reaching its decision has since been overruled by the Third District Court of Appeal in United States Fidelity & Guaranty Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999), which holds that insureds must fulfill all of their post-loss obligations before seeking appraisal. Accordingly, we vacate the order of the district court and remand for further proceedings consistent with this opinion.

**I.**

On August 24, 1992, Hurricane Andrew caused substantial damage to the home of Floyd and Ruth Jacobs. A homeowners' insurance policy issued by Nationwide covered the Jacobs' property. After the Jacobs notified Nationwide of the damage, Nationwide investigated their claim, adjusted the loss, and paid the Jacobs approximately $37,000 in 1992.

In late 1996, the Jacobs hired East Coast Appraisers, Inc. ("East Coast") to assess the damage to their home and make a supplemental claim on their behalf. As a result of East Coast's appraisal, the Jacobs served Nationwide with a demand letter on November 9, 1996, stating that Hurricane Andrew had caused damage to their home totaling $104,120.27. The letter also stated that the failure to pay the demand within five days would constitute a disagreement as to the amount of the loss, entitling the Jacobs to appraisal under the insurance contract, which provided that if the Jacobs and Nationwide:

> fail to agree on the amount of loss, either can demand that the amount be set by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the appraisers cannot agree upon an umpire within 15 days, [the Jacobs or Nationwide] can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers will then set the amount of the loss. If the appraisers submit a written report of an agreement to [Nationwide], the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss.

On November 25, 1996, Nationwide responded to the Jacobs' demand by requesting a sworn proof of loss and other documentation of the claim. After the Jacobs failed to comply with Nationwide's request, Nationwide repeated its request on January 2, 1997, and also asked that the Jacobs submit to examinations under

oath, as required by the insurance contract. The Jacobs failed to appear at scheduled examinations on February 7, 1997 and February 27, 1997, but eventually submitted to the examinations under oath on March 26, 1997.

The parties disagree about what transpired at the examinations. Nationwide contends that the Jacobs refused to submit a sworn proof of loss, produce requested documents, or answer questions about their finances. Nationwide further contends that the Jacobs deferred to their appraiser, East Coast, on a number of issues, but refused to make East Coast available for examination under oath. The Jacobs assert that they "submitted to approximately four (4) hours of interrogation . . . and produced all of the documents requested by Nationwide, which the Jacobs had in their possession, other than personal financial records, which the Jacobs objected to." The Jacobs also claim that they answered Nationwide's questions to the best of their ability and that the only Nationwide requests with which they failed to comply were: (1) questions and document requests concerning their personal finances; and (2) the request for a sworn proof of loss.

After the examinations, the Jacobs filed suit in Florida state court, seeking to compel arbitration under the appraisal provision in their insurance contract. Nationwide removed the action to federal district court based on diversity jurisdiction, and filed a third amended answer, affirmative defenses, and a

4

counterclaim. Nationwide alleged, inter alia, that the Jacobs had failed to meet

their post-loss duties under the insurance contract. The relevant portion of the

contract states:

> 2. Your Duties after Loss. In case of a loss, you must:
>     a. give immediate notice to us or our agent . . . .
>     b. protect the property from further damage. You must make repairs required to protect the property; also, keep a record of repair expenses.
>     c. prepare a list of damaged personal property showing in detail the quantity, description, actual cash value, and amount of loss. Attach all bills and receipts that support the figures.
>     d. as often as we reasonably require:
>         (1) exhibit the damaged property;
>         (2) submit to an examination under oath; and
>         (3) provide records and documents we request and permit us to make copies.
>     e. submit to us, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>         (1) the time and cause of loss.
>         (2) interest of the insured and all others in the property involved and all liens on the property.
>         (3) other insurance that may cover the loss.
>         (4) changes in title or occupancy of the property during the term of the policy.
>         (5) detailed estimates for repair of damage.
>         (6) a list of damaged personal property described in 2c.
>         (7) receipts for additional living expenses and records supporting the fair rental value loss . . . .

As a result of their failure to fulfill their post-loss duties, Nationwide asserted that

the Jacobs had breached the insurance policy, that the policy was void, and that the

Jacobs had forfeited their right to appraisal or recovery under the policy.

5

On January 21, 1998, Nationwide moved for summary judgment on its affirmative defenses.  The Jacobs responded and moved for summary judgment on both their application to compel arbitration and Nationwide's affirmative defenses. On May 19, 1998, the district court granted the Jacobs' motion for summary judgment on the application to compel arbitration, and denied both motions for summary judgment on Nationwide's affirmative defenses.  Nationwide then moved for reconsideration of the district court's order.

On February 13, 1999, the district court granted Nationwide's motion for reconsideration in part, holding that under Allstate Insurance Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998), and its progeny, the Jacobs were required to file a sworn proof of loss to be entitled to appraisal.  The court thus ordered the Jacobs to submit a proof of loss prior to appraisal.  On February 17, 1999, Nationwide moved for clarification of the district court's order.   On November 19, 1999, the court denied Nationwide's motion, stating that its February 13 order was a final determination regarding the Jacobs' application to compel arbitration and denying as moot Nationwide's defenses and counterclaims.

The Jacobs moved for attorney fees on February 24, 1999, and filed a sworn proof of loss on March 5, 1999.  The magistrate judge granted the Jacobs' motion for fees on March 23, 1999.  On April 5, 1999, the district court overruled

Nationwide's objections and approved the magistrate's order. Nationwide filed two notices of appeal, one from the district court's order compelling arbitration and another from the award of attorney fees, and moved for a stay of appraisal pending appeal. The district court granted Nationwide's motion for a stay, but required posting of a $150,000 bond as a condition of the stay.

## II.

The district court granted the Jacobs' application to compel appraisal, conditioned only upon their filing of a sworn proof of loss statement. We review this decision de novo. See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756 (11th Cir. 1993).

Nationwide asserts that the district court erred in ordering appraisal before the Jacobs had satisfied all their post-loss obligations under the contract. In reaching its decision, the district court relied on a line of Florida Third District Court of Appeal cases holding that submission of a sworn proof of loss statement is the sole condition that an insured must fulfill prior to invoking its right to appraisal. See Allstate Ins. Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998); Llaguno v. ARI Mut. Ins. Co., 719 So.2d 311 (Fla. 3d DCA 1998).

On August 25, 1999, after Nationwide filed both of its notices of appeal, the Third District Court of Appeal, sitting en banc, overruled Allstate Insurance

Company v. Sierra and its progeny.  See United States Fidelity & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999).[1]  As in this case, the policy at issue in Romay required the insureds to perform certain prerequisites before the appraisal clause was triggered, such as: "submit a sworn proof of loss and supporting documents; submit to an examination under oath; and make the property available for inspection."  Id. at 469.  The insureds in Romay had failed to meet any of the post-loss obligations other than submission of the sworn proof of loss.  Id.  The trial court granted their petition to compel arbitration because, under Sierra, filing of a sworn proof of loss was the only precondition to appraisal.  The insurer appealed, and the Third District altered its position that an insured need only submit a sworn proof of loss to be entitled to appraisal, instead holding that the insured must meet all post-loss obligations imposed by the insurance policy in question before appraisal may be compelled.  See id. at 468.

Romay requires the Jacobs to fulfill all of their post-loss obligations under the insurance policy with Nationwide before invoking their right of appraisal. These obligations include: (1) providing immediate notice to the insurer; (2) protecting the property from further damage; (3) exhibiting the damaged property;

---

[1] Although Romay was decided after the district court rendered summary judgment in this case, both parties agree that it governs the result in this case.

8

(4)     submitting to examination under oath; and (5) providing records and documents requested by the insurance company.  Accordingly, we must reverse the district court's order holding that submission of a sworn proof of loss is the sole precondition to appraisal.

## III.

Nationwide asserts that the Jacobs have failed to fulfill their post-loss obligations, and that, as a result, this court must remand with directions to enter judgment for Nationwide.  Nationwide also contends that the district court erred in failing to adjudicate its affirmative defenses.  The Jacobs respond that they have fully satisfied Romay by complying with their post-loss obligations, and that the district court fully adjudicated Nationwide's defenses in its February 13, 1999 and November 19, 1999 orders.  Accordingly, the Jacobs contend, they should be permitted to immediately invoke their right to appraisal.

The insurance contract between the parties requires the Jacobs to fulfill several post-loss duties, including: (1) submitting to an examination under oath; and (2) supplying Nationwide with records and documents at its request. Nationwide conducted examinations of the Jacobs under oath on April 4, 1997.  At their examinations under oath, the Jacobs answered some questions but refused, or were unable, to answer others.  Also on April 4, the Jacobs provided Nationwide

9

with some of the documents it had requested but objected to the production of others.

Thus, there remain genuine issues of material fact regarding whether, by responding to some, but not all, of Nationwide's questions and document requests, the Jacobs have fulfilled their post-loss duties and thus satisfied the requirements of Romay. Accordingly, we must remand to the district court to determine whether the Jacobs have fulfilled their post-loss obligations, and whether the Jacobs are entitled to appraisal.

In addition, it appears that as a result of its conclusion that submission of a sworn proof of loss was the only precondition to appraisal, the district court summarily denied as moot Nationwide's affirmative defenses, which arose from the Jacobs' failure to fulfill their other post-loss obligations. Based on the foregoing, we must reverse this denial and remand to the district court with instructions to fully adjudicate Nationwide's affirmative defenses.

**IV.**

In granting the Jacobs' motion for attorney fees, the court found that because the Jacobs obtained a declaratory judgment compelling appraisal, they were prevailing parties and thus entitled to attorney fees. Under the new standard announced in Romay, the Jacobs may not have fulfilled the preconditions to

10

appraisal, and thus may no longer be prevailing parties.  Accordingly, we must vacate the district court's award of attorney fees, pending its determination of whether the Jacobs have satisfied the requirements of <u>Romay</u>.

## V.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.