804 So.2d 476 (2001)
Poppy CHIMERAKIS, Appellant,
v.
SENTRY INSURANCE MUTUAL COMPANY, Appellee.
No. 3D00-2963.
District Court of Appeal of Florida, Third District.
December 5, 2001.
Rehearing and Rehearing Denied February 6, 2002.
*477 De La Cruz & Cutler, P.A., and H. Jeffrey Cutler, Coral Gables, and Albert D. Viener, for appellant.
Nelson, Mullins, Riley & Scarborough, L.L.P., and Tracy E. Tomlin (Charlotte, N.C.), for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and GREEN, JJ.
Rehearing and Rehearing En banc Denied February 6, 2002.
GREEN, J.
This is an appeal from an order denying the appellant/insured's motion for summary judgment on her application to compel appraisal/arbitration against her insurer. In declining to compel appraisal/arbitration, the trial court concluded, based on a prior appeal in this case, that this action was barred, both by the doctrine of res judicata and by the statute of limitations. See Chimerakis v. Sentry Ins. Mut. Co., 744 So.2d 1250 (Fla. 3d DCA 1999) ("Chimerakis I"). Under the unique circumstances of this case, we hold that "Chimerakis I" cannot serve as a bar to this action and reverse for the reasons which follow.
This dispute began after Poppy Chimerakis' home was damaged by Hurricane Andrew in 1992 and she notified her insurer, Sentry Insurance Mutual Co. ("Sentry") of her losses. After investigating the losses, Sentry paid Chimerakis $1,000. Approximately five years later, Chimerakis notified Sentry that she had discovered additional damages attributable to the hurricane and that Sentry had underpaid the loss. At that time, Chimerakis demanded an appraisal of the loss pursuant to the appraisal clause contained in the insurance policy. The appraisal clause required Sentry to designate its appraiser within twenty days.
At the time of Chimerakis' demand for appraisal, the law in this district did not permit either the insured or the insurer to refuse to submit to an appraisal once a demand had been made. See United Community Ins. Co. v. Lewis, 642 So.2d 59 (Fla. 3d DCA 1994). In response to the demand made by Chimerakis, Sentry stated that it would have to investigate her claim of loss, but Sentry did not designate an appraiser. Chimerakis treated Sentry's failure to designate an appraiser as a breach of contract, thereby relieving her of further performance under the policy, and filed the suit to compel appraisal/arbitration.
*478 While her suit was pending below, we issued our opinion in Allstate Ins. Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998), which held that where the existence of an appraisal provision was not in dispute, the insurer was required to submit to an appraisal as a matter of law. Sierra did not address whether the insured was required to perform any conditions precedent to an appraisal.
Sentry answered Chimerakis' complaint, raised affirmative defenses and filed a counterclaim which alleged, among other things, that Chimerakis had not performed contractual conditions precedent to appraisal. Sentry then moved for summary judgment on its defense of Chimerakis' failure to perform conditions precedent. Chimerakis responded to the motion for summary judgment by arguing that her performance of conditions precedent was not required and that she was entitled to an appraisal, pursuant to Sierra, as a matter of law. The trial court granted Sentry's motion for summary judgment and denied Chimerakis application to compel arbitration. Chimerakis appealed this order.
During the pendency of Chimerakis I, we issued our decision in Perez v. Allstate Ins. Co., 709 So.2d 591 (Fla. 3d DCA 1998), which held that an insured could compel appraisal/arbitration solely upon furnishing a sworn proof of loss.[1] Further, prior to the disposition of Chimerakis I, we issued our en banc decision in USF & G Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999), wherein we receded from our decisions in Sierra, Perez, Martinez, and Llaguno and held that a policyholder's performance of all of the policy's preconditions was required prior to granting a motion to compel an appraisal. Accordingly, all of the cases consolidated for consideration under Romay were remanded with directions that the trial court require compliance with the policy's preconditions to appraisal prior to granting motions to compel appraisal.
As a result of this change in the law, Chimerakis, in her reply brief filed in Chimerakis I, requested that if our court found that she had failed to comply with any conditions precedent to appraisal that we likewise remand her cause with directions permitting her to comply with any such conditions. Our court, however, affirmed the summary judgment in Chimerakis I without opinion.
Chimerakis points out that approximately three weeks later, in a case factually identical to Chimerakis I, we issued Aguiar v. USF & G Co., 748 So.2d 343 (Fla. 3d DCA 1999), wherein we remanded with directions, among other things, to permit the plaintiff to satisfy the applicable preappraisal policy conditions under Romay.
Following Aguiar, Chimerakis faxed a letter to Sentry's attorney requesting that she be permitted to perform the policy conditions precedent to an appraisal. Sentry refused to permit Chimerakis to comply with the conditions precedent to appraisal and responded that it was relieved of any obligations in connection with her claim by virtue of our holding in Chimerakis I.
Chimerakis thereafter filed the action below seeking to compel an appraisal of her claims. Sentry moved to dismiss this action on the grounds that it was barred by the doctrine of res judicata and that Chimerakis had failed to perform conditions precedent to appraisal. Chimerakis moved for summary judgment on her application to compel appraisal. The trial *479 court denied this motion and agreed with Sentry that this action was barred by the doctrine of res judicata as well as the statute of limitations. Chimerakis then took the instant appeal.
Chimerakis argues that the trial court's determination that Chimerakis I has a res judicata effect on this action was erroneous for three reasons. First, she asserts that the trial court's disposition of Chimerakis I was not a ruling on the merits. Next, she maintains that the current appeal (i.e. "Chimerakis II") arises out of a new set of facts, namely, Sentry's breach of contract by expressly refusing to allow her to comply with the policy's conditions precedent to appraisal and its denial of coverage. Finally, she maintains that the doctrine of res judicata should not be applied to bar this action because she has at all times attempted to comply with the requirements of the law of this district to obtain an appraisal, but those requirements were twice changed during the pendency of Chimerakis I. We find no merit to the first two reasons, but conclude that the application of the res judicata doctrine to bar this action would work an injustice to Chimerakis.
The doctrine of res judicata bars an action based upon a final judgment entered in a prior action where there is an identity: (1) in the thing sued for in both actions; (2) in the cause of action in both actions; (3) of the parties in both actions, and (4) of the capacity of the parties in both actions. See Albrecht v. State, 444 So.2d 8, 12 (Fla.1984); West v. Kawasaki Motors Mfg. Corp., 595 So.2d 92, 94 (Fla. 3d DCA 1992). This doctrine rests upon the sound principle that litigation should come to an end and that "in the interest of the State every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation." See Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953), quoting Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952). Nevertheless, the doctrine of res judicata is not an absolute doctrine and should not be adhered to where its strict application would work an injustice. See Universal Const. Co., 68 So.2d at 369; Crocker Inv. v. Statesman Ins. Co., 515 So.2d 1305, 1307 (Fla. 3d DCA 1987). As stated by the supreme court:
... when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.
Universal Const. Co., 68 So.2d at 369.
Although we agree with Sentry and the lower court that all of the elements for res judicata appear to exist, we do not believe that this doctrine should be rigidly adhered to under the facts and circumstances of this case. First of all, the record reflects that at all times, Chimerakis attempted to comply with the legal prerequisites for an appraisal of her claims. The law in this district regarding the prerequisites for an appraisal/arbitration pursuant to an insurance policy was unsettled and indeed changed twice during the pendency of Chimerakis I. Moreover, in our en banc decision of Romay, we afforded policyholders similarly situated to Chimerakis the opportunity to comply with the conditions precedent in their policies prior to an appraisal/arbitration. We think that the interests of justice dictate that we also permit Chimerakis to comply with the conditions precedent in her policy. We therefore decline to allow Chimerakis I to operate as a bar to the instant action for an appraisal.
We next address the trial court's sua sponte determination that this action for an appraisal is nevertheless barred by *480 the statute of limitations. Pursuant to Section 95.11(2)(b), Florida Statutes (1995), a legal or equitable action on a contractual obligation or liability founded on a written instrument must be commenced within five years. The intent of this statute is to limit the commencement of actions from the time of their accrual. See State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996). "However, a cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought." Id.
As Chimerakis correctly asserts, under Romay, an insured cannot compel appraisal until the insured has performed all of the policy conditions precedent to appraisal. Therefore, an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused.
Our decision in Chimerakis I, issued on November 24, 1999, found that Chimerakis could not compel appraisal because she had not yet performed the policy's conditions precedent to appraisal. Thus, at that time, the statute of limitations could not have begun to run. Thereafter, the statute could only have begun to run for this action when Chimerakis offered to perform the conditions precedent and Sentry refused to allow such performance. This refusal occurred no earlier than December 16, 1999. Chimerakis commenced this action on February 2, 2000 which clearly was within the limitations period. The lower court's determination to the contrary was thus erroneous.
We therefore reverse the order under review for the foregoing reasons and remand for further proceedings.
Reversed.
NOTES
[1] Accord Martinez v. Allstate Ins. Co., 718 So.2d 368 (Fla. 3d DCA 1998); Llaguno v. ARI Mut. Ins. Co., 719 So.2d 311 (Fla. 3d DCA 1998).