IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2005 Session

## PHYLLIS G. MITCHELL v. DIANE T. HUTCHINS

**Appeal from the Circuit Court for Dickson County**
**No. CV-1372     Robert E. Burch, Judge**

_____

**No. M2004-01592-COA-R10-CV - Filed February 6, 2006**

_____

This appeal involves a legal malpractice action. When the client discovered that her attorney had failed to file a personal injury complaint before the statute of limitations ran, she filed identical legal malpractice complaints in both the Circuit Court of Dickson County and the Circuit Court for Montgomery County. After the Montgomery County complaint was dismissed for failure to prosecute, the client's former attorney moved to dismiss the Dickson County complaint on the ground of res judicata. The trial court denied the motion, and the attorney filed an application for an extraordinary appeal in accordance with Tenn. R. App. P. 10. We granted the application and have now determined that the trial court properly denied the attorney's motion to dismiss.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Timothy V. Potter, Dickson, Tennessee, for the appellant, Diane T. Hutchins.

Terry Bryan Larkin, Dickson, Tennessee, for the appellee, Phyllis G. Mitchell.

**OPINION**

**I.**

Phyllis Mitchell was injured in an automobile collision in December 1998. In early 1999, she retained Diane T. Hutchins, an attorney with offices in Clarksville, Tennessee, to file a personal injury suit against the driver of the other vehicle involved in the collision. Ms. Hutchins's law office was destroyed by a tornado following her meeting with Ms. Mitchell. Ms. Hutchins's law practice was seriously disrupted and, as a result, she failed to file the complaint in Ms. Mitchell's personal injury action before the one-year statute of limitations had run. Ms. Hutchins informed Ms. Mitchell of the debacle in April 2000.

Ms. Mitchell retained another attorney and in November 2000 filed a legal malpractice suit against Ms. Hutchins in the Circuit Court for Dickson County. For some reason, Ms. Mitchell's lawyer filed an identical lawsuit against Ms. Hutchins in December 2000 in the Circuit Court for Montgomery County. Process was never issued in the Montgomery County proceeding, and thus Ms. Hutchins was never served with a copy of the Montgomery County complaint.[1]

The Montgomery County lawsuit languished for almost two years. Eventually, the circuit court clerk in Montgomery County notified the parties that the complaint would be dismissed because process had not been issued and directed the parties to appear at a review hearing on August 9, 2002. No one responded to the circuit court clerk's notice, and after no one appeared at the August 9, 2002 hearing, the trial court entered an order on September 9, 2002 dismissing the case with prejudice. Ms. Mitchell filed a Tenn. R. Civ. P. 59 motion requesting the trial court to set aside its September 9, 2002 order because her lawyer claimed he did not receive notice of the August 9, 2002 hearing. After her lawyer failed to substantiate these claims, the trial court entered an order on December 23, 2002 declining to set aside its September 9, 2002 order dismissing the Montgomery County complaint.[2]

On December 30, 2002, Ms. Hutchins filed a motion in Dickson County "[p]ursuant to the common law doctrines of res judicata and collateral estoppel" seeking the dismissal of Ms. Mitchell's legal malpractice complaint because of the dismissal of the Montgomery County complaint. Following a hearing, the trial court filed an order denying Ms. Hutchins's motion on the ground that the Montgomery County order was "not an adjudication of the facts." The trial court later denied Ms. Hutchins's application for permission to pursue a Tenn. R. App. P. 9 appeal. Accordingly, Ms. Hutchins filed a Tenn. R. App. P. 10 application with this court which we granted on July 12, 2004.

## II.

While Ms. Hutchins premised her motion to dismiss on both res judicata and collateral estoppel, the doctrine most applicable to this case is res judicata.[3] Res judicata is a claim preclusion doctrine that promotes finality in litigation. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002). It bars a

---

[1]There is some disagreement between the parties as to why process was never issued for the Montgomery County complaint. Ms. Hutchins claims that Ms. Mitchell's attorney instructed the clerk not to issue the process. Ms. Mitchell claims that her attorney instructed the clerk not to issue the process only after the clerk disclosed that process had never been served because the complaint had been misplaced. Apparently Ms. Mitchell's attorney decided that issuing process was unnecessary because the Dickson County lawsuit was progressing.

[2]The court candidly stated in its December 23, 2002 order that it ordinarily would not have dismissed the complaint with prejudice but that it had decided to do so because Tenn. R. Civ. P. 3 would have prevented issuing process in the case because no process had been issued within one year from the filing of the complaint.

[3]Collateral estoppel is an issue preclusion doctrine rather than a claim preclusion doctrine. *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998). Ms. Hutchins's motion focuses on the dismissal of Ms. Mitchell's legal malpractice claim filed in Montgomery County.

second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *In re Estate of White*, 77 S.W.3d 765, 770 (Tenn. Ct. App. 2001). In order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits. *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989); *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003).

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the legal rights and relations of the parties. *White v. White*, 876 S.W.2d 837, 839-840 (Tenn. 1994); *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000).

The doctrine of res judicata should be invoked with care because it blocks a litigant's access to the courts. *Brown v. Felsen*, 442 U.S. 127, 132, 99 S. Ct. 2205, 2210, 60 L. Ed. 2d 767, 772 (1979). Because the doctrine is grounded on considerations of fairness and efficiency, it should not be applied rigidly when these interests would not be served. *Gloucester Marine Ry. v. Charles Parisi, Inc.*, 631 N.E.2d 1021, 1025 (Mass. App. Ct. 1994); *Roberts v. Fed. Express Corp.*, Shelby Law No. 29, 1991 WL 104203, at *6 (Tenn. Ct. App. June 1, 1991), *rev'd on other grounds*, 842 S.W.2d 246 (Tenn. 1992). It should not be adhered to when its strict application would work an injustice. *U.S. West Fin. Servs., Inc. v. Buhler, Inc.*, 150 F.3d 929, 932 (8th Cir. 1998); *Desrosiers v. Am. Cyanamid Co.*, 377 F.2d 864, 871 (2d Cir. 1967); *Chimerakis v. Sentry Ins. Mut. Co.*, 804 So. 2d 476, 479 (Fla. Dist. Ct. App. 2001).

### III.

Ms. Hutchins asserts that all four elements of res judicata are present in the current case. She correctly points out that the Montgomery County proceeding involved the same parties and the same cause of action and that the court in Montgomery County had subject matter jurisdiction to adjudicate the claim. The pivotal question is whether the order dismissing the Montgomery County complaint was a final judgment on the merits for res judicata purposes. We have concluded that it was not.

Tennessee's courts, when asked to give preclusive effect to a prior judgment, have traditionally examined the judgment to determine whether it was, in fact, based on an adjudication of the merits of the underlying claims. *See, e.g., Mabry v. Churchwell*, 69 Tenn. 416, 424-25 (1878); *Renshaw v. First Nat'l Bank*, 63 S.W. 194, 201 (Tenn. Ch. App. 1900). The presence or absence of a designation in an order dismissing a complaint as being "with prejudice" or "without prejudice" has not necessarily been controlling. Accordingly, the courts have declined to give preclusive effect to judgments dismissing a complaint for failure to prosecute because they did not represent a

decision on the merits of the claim. *W.R. Grace & Co. v. Taylor*, 55 Tenn. App. 227, 231-32, 398 S.W.2d 81, 83 (1965).

Tenn. R. Civ. P. 41.02(3) became effective on January 1, 1971. It provides that involuntary dismissals, except those specifically mentioned in the rule, operate as adjudications on the merits unless the court entering the order specified otherwise. Because dismissals for failure to prosecute were not one of the exceptions mentioned in the rule, some have argued that orders dismissing a complaint for failure to prosecute must be given preclusive effect unless the order explicitly states that it is not an adjudication on the merits. The courts have not applied Tenn. R. Civ. P. 41.02(3) that strictly.

This court has noted that judges have an obligation to specify that an order involuntarily dismissing a case is not on the merits "in all those cases in which a palpable and unjustified injustice would result from dismissal with prejudice." *Randle v. Lyle*, 682 S.W.2d 219, 221 (Tenn. Ct. App. 1984). No other decision has gone quite that far. However, in a case where giving an order dismissing a complaint for failure to prosecute preclusive effect would have produced unjust results, this court declined to give the order preclusive effect even though it did not state that the dismissal was not on the merits. *Lowery v. Summers*, No. 155, 1988 WL 20495, at *2-3 (Tenn. Ct. App. Mar. 7, 1988), *perm. app. denied* (Tenn. June 27, 1988). More recently, in a case procedurally similar to this case, we held that the trial court should have granted the plaintiff's motion to Tenn. R. Civ. P. 60.02(5) relief requesting that an order dismissing a case for failure to prosecute be designated as a disposition that was not on the merits. *DeLong v. Vanderbilt Univ.*, ___ S.W.3d ___, ___, 2005 WL 1981793, at *5 (Tenn. Ct. App. 2005).

The trial court in this case declined to give preclusive effect to the order dismissing Ms. Mitchell's Montgomery County claim because the court in Montgomery County had not adjudicated the facts. This finding is tantamount to a finding that the court in Montgomery had not reached the merits of Ms. Mitchell's complaint. The record supports this finding and also supports the conclusion that interpreting Tenn. R. Civ. P. 41.02(3) to give preclusive effect to the Montgomery County order would work an injustice because it would prevent Ms. Mitchell from ever having her legal malpractice claim against Ms. Hutchins heard on the merits.

**IV.**

We affirm the order denying Ms. Hutchins's motion to dismiss and remand this case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to Diane T. Hutchins and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.