# Third District Court of Appeal

## State of Florida

Opinion filed January 16, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1366
Lower Tribunal No. 17-29487
_____

## Safepoint Insurance Company,
Appellant,

vs.

## Eduardo Gomez, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Butler, Weihmuller, Katz, Craig, LLP, and Anthony J. Russo (Tampa) and Mihaela Cabulea (Tampa), for appellant.

Greenspoon Marder, LLP, and John H. Pelzer (Fort Lauderdale), for appellees.

Before EMAS, C.J., and LOGUE and LINDSEY, JJ.

EMAS, C.J.

Appellant Safepoint Insurance Company appeals from the trial court's order compelling appraisal which, more accurately, compelled the parties to complete a presuit appraisal already begun pursuant to the terms of the insurance policy between Safepoint, the insurer, and Eduardo and Mayra Gomez, the insureds ("Gomez"). We affirm.

Gomez filed an insurance claim for a loss caused to the home by a toilet overflowing. Safepoint investigated the claim, acknowledged coverage, and sent two checks to Gomez in payment for the covered loss. Gomez disputed the amount of the covered loss and demanded additional payment.

In response, Safepoint sent a letter to Gomez invoking appraisal under the policy.[1] Gomez agreed to the appraisal. The appraisal process commenced and, when the parties could not reach an agreement on the amount of loss, an umpire was selected by the appraisers. At the same time, the parties attempted to negotiate a settlement on the amount of the loss. These negotiations proved unsuccessful,

---

[1] The appraisal provision in the insurance policy provided in pertinent part:

> If you and we fail to agree on the amount of loss, either may request an appraisal of the loss. However, both parties must agree to the appraisal. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. . . . If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.

and the appraisal process continued with the mutually-selected umpire scheduled to conduct an inspection of the Gomez home.

It was at this point that Safepoint sent correspondence to Gomez: (1) requesting Gomez produce sworn proofs of loss; (2) purporting to schedule examinations under oath of Gomez and other individuals regarding 25 areas of inquiry; and (3) requesting Gomez to produce 24 different categories of documentation (all characterized by Safepoint as part of Gomez's post-loss obligations under the policy). When Gomez did not comply with these requests, Safepoint terminated the appraisal process and denied the claim upon an assertion that Gomez failed to comply with post-loss obligations.

Gomez subsequently filed the instant action for breach of contract, and moved to compel Safepoint to complete the appraisal process. Following a hearing, the trial court, over Safepoint's objection, granted the motion and entered the order on appeal compelling the parties to complete the appraisal process.

We affirm the trial court's order. Safepoint investigated the claim, acknowledged coverage, and sent payment to Gomez. When Gomez contested Safepoint's determination of the amount of the loss, Safepoint requested (and Gomez agreed to) appraisal. That appraisal process had already commenced and was nearing completion when Safepoint demanded Gomez comply with certain post-loss obligations. There is nothing in the record to indicate that the appraisers

or the umpire lacked the necessary information or documentation to appraise the amount of the loss. Indeed, in its letter invoking appraisal, Safepoint advised Gomez: "If there is any additional documentation which has been previously presented to the carrier, pursuant to the terms of your insurance policy, it must be submitted **prior to** commencement of appraisal." (Emphasis added.)

"Appraisal exists for a limited purpose—the determination of 'the amount of loss.'" Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d 1226, 1230 (Fla. 3d DCA 2013). By invoking appraisal pursuant to the terms of the insurance policy, Safepoint waived the requirement of compliance with post-loss obligations as a condition precedent to that appraisal.[2] See Chimerakis v. Sentry Ins. Mut. Co., 804 So. 2d 476, 480 (Fla. 3d DCA 2001) (holding "an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused") (emphasis added).

Affirmed.

---

[2] We note that our holding is strictly limited to a determination that, under the circumstances presented, Gomez was not required to comply with post-loss obligations as a condition precedent to proceeding with appraisal invoked by Safepoint.